Carey *vs.* Clayton.

---

No. 61.—EDWARD CAREY, assignee &c., plaintiff in error, *vs.* PHILIP A. CLAYTON, defendant in error.

[1.] The Bank of Columbus, upon the application of P. A. Clayton, one of its customers, rendered him an account of his dealings with the institution, taken from its books, showing a balance of indebtedness to C. of $1,159 15, which purported to have been carried to "*new account.*" It did not appear from the proof that any other account had been raised between the parties: *Held,* that to a suit against C. at the instance of the Bank, the defendant was entitled, without further testimony, to the benefit of this acknowledgment, in support of his plea of set-off, to which the account rendered was attached.

Assumpsit, &c., in Muscogee Superior Court. Tried before Judge IVERSON, November Adjourned Term, 1851.

Edward Carey, as the assignee of the Bank of Columbus, brought suit against Philip A. Clayton, upon a promissory note for $1,000, payable to A. B. Davis, and indorsed by him to the Bank.

Clayton pleaded payment, and also pleaded as a set-off an account current rendered by the Bank of Columbus to P. A. Clayton, which was balanced, the last item on the debit side of which was as follows:

"Balance account to new account,      $1,159 15."

Defendant notified the plaintiff to produce all the books of the Bank containing any account between defendant and the Bank.   In response to which notice, on the trial plaintiff showed that the books were not within his control; having probably been destroyed by fire when the banking house was burned.

The Court charged the Jury, "that although there was nothing due the defendant on the account annexed to the plea of set-off, that account being on its face balanced, and the balance in favor of defendant carried to new account, yet it was an acknowledgment of the Bank of Columbus, that that balance constituted an item in the new account, and that it was incumbent on the Bank of Columbus to show that the said balance of account was paid or absorbed by items or charges against the defendant."

To which charge plaintiff's counsel excepted and has assigned the same as error.

W. DOUGHERTY, for plaintiff in error.

BENNING, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This was an action of *assumpsit*, brought by Edward Carey, as the assignee of the Columbus Bank, against Philip A. Clayton, to recover a note of $1000, given originally to A. B. Davis, and by him transferred to the Bank.

[1.] To the action the defendant pleaded payment and set-off;

and to the plea of set-off attached a copy of an account between the Bank and himself; and which had been furnished him by one of the officers from the books of the Bank. After stating all the items of debit and credit, the account was balanced, and there was $1,159 15, due Clayton, which purported to have been carried to " new account."

The plaintiff was notified to produce all the books in his possession which contained any dealings between the parties; and to this requisition he responded that he had none. It was in proof, moreover, that all the books of the concern had been destroyed.

The Court charged the Jury that although there was nothing due the defendant on the bill of particulars annexed to his answer—the same being balanced and the residue carried to " new account"—yet it was an acknowledgment by the Bank of Columbus that that balance constituted an item in a new account, and that it was incumbent on the plaintiff to show that this balance had been paid or absorbed by items or charges against the defendant.

The plaintiff excepts to this charge, both because it expresses to the Jury the opinion of the Court upon the testimony, contrary to the Act of 21st February, 1850, (*New Dig.* 462,) and because it is a misdirection in law, inasmuch as the " new account" containing this evidence of indebtedness is not pleaded as a set-off by the defendant.

If there be error in the instruction, and we are inclined to think there is, it is against the defendant. For while it is true that the whole account, as rendered from the books of the Bank, is evidence, was the Jury bound to give equal credit to all of it?—to the entry which discharged, as well as to those which charged the Bank? Suppose the Clerk who kept the books had stated at the foot of the account that the balance of $1159 15, due Clayton, had been applied to the payment of his note due the Bank, or to the discharge of rent which he owed the corporation, or in payment of real estate sold to him by the Bank? In the absence of all corroborating proof, would the Jury be bound to acquit the Bank from liability, upon this testimony?

Carey *vs.* Clayton.

We have a right to assume that no new account ever was raised between these parties; there is no evidence that any such ever was. Mr. Davis or the Clerk may have intended it, but omitted or were prevented by death or other cause from doing it.

The action of *assumpsit* is an equitable suit. Pleadings are simplified, both as to defendants and plaintiffs. A copy of the plaintiff's indebtedness is attached to the plea; and from any thing that appears to the contrary, the entry of the balance of indebtedness, deduced too from the actual items in the account of dealings between the parties in the original account, is the only evidence of indebtedness from the Bank to Clayton. We are bound to presume from the circumstances which are disclosed, that such is the fact. If this original account shows then a balance due the defendant, is it not incumbent on the other party to introduce evidence to discharge himself?

Put the defendant upon proof of a new account, as the plaintiff insists shall be done, and he necessarily loses his debt, for he could not prove that any such ever existed. The books are destroyed and there is no witness to establish any such account; otherwise the testimony of that witness would have been adduced. The existence of such an account is an affirmative fact, supplied from the books of the Bank, and which the plaintiff was bound to have proven.

Is it not going too far to hold that the mere entry at the foot of an account that a balance of $1159 15, due the defendant, has been carried to " new account," shall defeat his recovery, unless he can prove the truth of that entry?

The charge of the Court was no intimation of an opinion that this balance was due; he states merely the legal effect of its transfer to a new account, and how that result was to be overcome; namely, by showing that it was counterbalanced by charges against the defendant. The only expression of opinion was against Clayton, that the old account was balanced, and that there was nothing due upon it. This should have been left to the Jury.